### D. M. JACKSON V. THE STATE.

No. 15621.   Delivered February 22, 1933.
Reported in 57 S. W. (2d) 833.

The opinion states the case.

*E. A. Camp,* of Rockdale, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The conviction is under an indictment charging appellant with the murder of Mrs. Louise Melde. On a former trial the court submitted charges covering murder and assault with intent to murder, the result being that the jury reached the conclusion that the wounds inflicted were not the proximate cause of Mrs. Melde's death, and convicted appellant of assault with intent to murder. Upon appeal to this court the judgment was

reversed and the cause remanded. Jackson v. State, 39 S. W. (2d) 63. On the present trial, the court submitted assault with intent to murder and aggravated assault.

A careful review of the testimony leads us to the conclusion that the evidence is insufficient to support a conviction for assault with intent to murder. Mrs. Melde and appellant were neighbors. Apparently their relations had been friendly until shortly before the assault. About sixty days prior to the difficulty, appellant borrowed sixty dollars from Mrs. Melde. She had requested that the money be repaid. Pressing the demand that the money be repaid, the foster daughter of Mrs. Melde telephoned appellant, asking that the amount due be immediately paid. According to appellant's version, he had already paid the money to an agent of Mrs. Melde. Prior to the date of the difficulty, some one had taken a pistol from one Joe Elliott. According to the version of appellant, believing that Mrs. Melde's son had taken the pistol, he (appellant) had sought to have him return it to the owner in order to avoid trouble. On the day of the difficulty, appellant went to the home of Mrs. Melde for the purpose of collecting an account she was due him. Going to the back door, which, according to his testimony, was his custom, appellant was invited in by Mrs. Melde and her foster daughter. Touching the facts and circumstances surrounding the assault, the foster daughter testified, in substance, as follows: Mrs. Melde told appellant that she would pay the bill as soon as appellant paid her the sixty dollars he owed. Upon being advised by appellant that he had paid the money to her agent, Mrs. Melde started to pay appellant's bill. Appellant began to curse and abuse Mrs. Melde, calling her vile names. He also referred to the son of Mrs. Melde as a s— of a b—. Approaching Mrs. Melde, appellant threatened to strike her with his fist. After appellant had applied the vile names to Mrs. Melde, she attacked him, striking him several times with her fist. A fight ensued. During the difficulty appellant pulled a pistol and struck Mrs. Melde several blows on the head. Appellant then left the scene of the difficulty and returned to his home. At this point, we quote the testimony of the witness, on cross-examination, as follows: "After my mother hit Mr. Jackson the first time he hit her; my mother and defendant were both hitting each other; they continued to hit each other until Mr. Jackson hit my mother in the head. Mr. Jackson did not hit my mother any more after he hit her in the head. He did not attempt to hit my mother a single lick until after mother hit him. My mother hit the first lick and then they commenced fighting. When Mr. Jack-

son hit mother and she stopped fighting Mr. Jackson stopped too, and then me and my mother passed out of the room. When we walked out of the room Mr. Jackson did not have his six shooter in his hand. Mr. Jackson did not attempt to shoot my mother. He did not point the pistol at her in a threatening manner holding it like he was going to shoot. Nobody kept Mr. Jackson from shooting my mother. He was close enough to mother to where if he had wanted to shoot her he could have shot her."

Testifying in his own behalf, appellant denied that he struck Mrs. Melde with a pistol, and declared that he had no pistol on his person at the time. He said that the injured party attacked him with a knife, and the foster daughter with her fists, and that, in order to protect himself, and prevent her from injuring him, he struck her a light blow with a closed pocket knife. Further, he denied that he cursed Mrs. Melde or her son. He testified that he had no intention of injuring Mrs. Melde. Appellant received some scratches. According to his testimony, Mrs. Melde's blows bruised his face and body.

A physician, who testified for the state, said that he examined Mrs. Melde and declared that she had two visible wounds, one on the scalp, and one on the cheek. He said that at the time there appeared to be nothing serious about either wound, except the probability of infection. He testified there was probability of any character of wound becoming infected. Approximately a week after the difficulty, a wound in Mrs. Melde's mouth, which apparently had been cut by her tooth during the difficulty, became infected. She died from this infection thirteen days after the assault.

According to the state's testimony, appellant used the pistol as a bludgeon. He did not attempt to shoot deceased. As soon as deceased stopped her assault on appellant, he left her house. At that time deceased was walking from the room in which the difficulty took place. That appellant had ample opportunity to kill deceased is apparent. The wounds inflicted on deceased were not of a serious nature, in the absence of infection. The evidence is no stronger than that disclosed in Hawkins v. State, 29 S. W. (2d) 384, and Scroggins v. State, 45 S. W. (2d) 983. In those cases we held the evidence insufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.